UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELROY MANDELL BUTLER**                      **CIVIL ACTION**

**VERSUS**                                    **NO. 24-410**

**ROBBY MILLER, ET AL.**                      **SECTION: D (1)**

### ORDER AND REASONS

Before the Court is a Motion to Dismiss, Purusant [sic] to *FRCP Rule 12(b)(6)*, For Failure to State a Claim Upon Which Relief Can Be Granted, filed by Tangipahoa Parish President Robby Miller.[1] The Motion has a submission date of December 10, 2024.[2] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. As of the date of this Order, no memorandum in opposition has been submitted. Thus, the Motion is unopposed.

After careful consideration of the Motion and the applicable law, the Motion is **GRANTED.**

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2024, Elroy Mandell Butler, proceeding *pro se*, filed a Complaint in this Court, asserting that his constitutional rights were violated when he was arrested on September 30, 2023 by two officers of the Hammond Police Department.[3] Plaintiff alleges that he was stopped on September 30, 2023 by Officer Vincent Hutchinson for his tinted windows, during which he provided paperwork for

---

[1] R. Doc. 22.
[2] *Id*.
[3] R. Doc. 1.

the window tinting and advised the officer that he had a handgun in the car.[4] Plaintiff asserts that Officer Hutchinson retrieved the handgun, proceeded to his patrol car, and then placed Plaintiff under arrest for being a felon in possession of a firearm.[5] Plaintiff claims that Officer Hutchinson brought him to the police station and provided documentation showing that Plaintiff was on probation in Dallas, Texas from 2000 to 2005 and showing that the charges were expunged in 2005.[6] Plaintiff alleges that he told Officer Hutchinson that the charges had been expunged 18 years prior and that he had since purchased three handguns, received "a TWIC card," and "a Tint Permit from the State of Louisiana, all with a FBI background check."[7] Plaintiff further advised Officer Hutchinson that he had been pulled over by Hammond police officers four times over the years, and had told them about the handgun each time, all without incident.[8] According to Plaintiff, Officer Hutchinson called in his supervisor, Officer Thaddeus Gautier, to review the print out. Plaintiff alleges that Officer Gautier saw the expungement but stated that the officers would let the Tangipahoa Parish Jail sort it out.[9]

Plaintiff claims that he spent four days in the Tangipahoa Parish Jail and was transferred into the custody of the Hammond Police Department on October 4, 2023

---

[4] R. Doc. 1 at p. 5.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at pp. 5–6.
[9] *Id.* at p. 6. While the Complaint references an "Amite, Louisiana . . . Parish Jail," the Court notes that the only parish jail in Amite, Louisiana is the Tangipahoa Parish Jail.

when the district attorney's office rejected his charges.[10] Plaintiff alleges that the Hammond Police Department transporting officer waited for about half an hour for the deputy at the Sheriff's Office to release Plaintiff's personal items, but that the deputy on duty could not find them.[11] Plaintiff claims that when the deputy could not locate his personal items, the deputy asked him to sign an Item Release Form and told Plaintiff that he would find his belongings.[12] Plaintiff further alleges that after spending a few days in the Hammond jail, he made bail on October 7, 2023 and began calling "the Sheriff Deputy" the next day to retrieve his personal items.[13] Plaintiff asserts that, despite calling several times a week for over a month, the deputies could not find his personal items.[14] Plaintiff claims that, as of the date of his February 16, 2024 Complaint, "they still haven't found my personal items."[15] Plaintiff alleges that he also has not received his handgun back from the Hammond Police Department, in violation of his constitutional rights.[16]

While not a model of clarity, Plaintiff seems to assert that the Hammond Police Department and "the Sheriff's Department" violated his constitutional rights by unlawfully arresting him and charging him as a felon in possession of a firearm when Officer Hutchinson and Officer Gautier knew that his prior conviction had been

---

[10] *Id.* In a status conference with the Court held on November 14, 2024, Plaintiff advised that, upon his release from Tangipahoa Parish Jail, he was transferred into the custody of the Hammond Police Department due to an outstanding warrant for failure to appear for an unrelated traffic offense.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.* at p. 7.
[16] *Id.*

expunged.[17] Plaintiff alleges that his handgun was illegally seized in violation of his rights under the Second Amendment, and that he still has not received his personal property from the Sheriff's Department, including his wallet containing his identification, Medicare card, Social Security Card, and prescriptions for his pain medicine.[18] Plaintiff asserts that he was without his pain medication for the entire month of October.[19] Plaintiff asserts that he is suing the Tangipahoa Parish President Robby Miller "for Deprivation of my Liberty, as my Liberty was taken away from me. I was not Free to leave and was under Continuous supervision and control while in the Parish Jail."[20] Plaintiff alleges that he suffered pain and suffering without his pain medication, caused by the Sheriff's Department, as well as emotional distress.[21] Plaintiff seeks punitive damages, claiming that, "The Hammond PD and the Sheriff Department do not function Independently of the Parish President."[22] Plaintiff also asserts that, "I am suing Tangipahoa Parish President Robby Miller, The Chief Executive Officer of the Parish in the amount of $100,000.00 for Violation of my Constitutional Rights and Common Tort Laws."[23]

On July 12, 2024, Officer Vincent Hutchinson, Officer Thaddeus Gautier, and the Hammond Police Department filed a Motion to Dismiss for Failure to State a Claim, which was set for submission on August 20, 2024.[24] Plaintiff did not file a

---

[17] *Id.*
[18] *Id.* at p. 8.
[19] *Id.* at pp. 8-9.
[20] *Id.* at p. 9.
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] R. Doc. 11.

response to the Motion. The Court held a Telephone Status Conference on November 14, 2024, during which the Court confirmed Plaintiff's mailing address and email address, and confirmed that Plaintiff was proceeding *pro se* in this matter.[25] The Court also asked Plaintiff if he had received a copy of the Motion to Dismiss, and Plaintiff advised that he had not received a copy, even though defense counsel confirmed that a copy of the Motion had been mailed to one of the addresses on file for Plaintiff.[26] The Court advised Plaintiff that if he intended to oppose the Motion, he must file a motion for leave to file an out of time response by Friday November 22, 2024.[27] Plaintiff advised the Court during the conference that his handgun was returned to him in August 2024, but that he had still not received his wallet. Upon questioning from the Court, defense counsel also confirmed that she does not represent Tangipahoa Parish President Robby Miller ("Miller"), but that she would reach out to his office to advise him of the status of the case.[28]

On November 21, 2024, Plaintiff filed a Motion To Delayed [sic] Response and Asking For More Time to Respond to Defendant's Motion.[29] Plaintiff apologized for his "late response in regards to the Defense attorney's [sic], for Hammond, filing of motion with this court."[30] Plaintiff advised that he had problems with his mail which he had since corrected, and requested additional time to respond to the Motion to Dismiss.[31] The Court granted Plaintiff's Motion, and gave him until December 3,

---

[25] R. Doc. 23.
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] R. Doc. 25.
[30] *Id.*
[31] *Id.*

2024 to respond to the Motion filed by Officers Hutchinson and Gautier and the Hammond Police Department.[32] As of the date of this Order, Plaintiff has not sought leave to file an out of time response to the Motion to Dismiss, nor has Plaintiff filed any response to the Motion.[33]

Also on November 14, 2024, but after the status conference, Miller filed the instant Motion to Dismiss, asserting that Plaintiff's claims against him must be dismissed because it is the sheriff, in his official capacity, not the parish, that can be held vicariously liable for the actions of deputy sheriffs.[34] Miller claims that because the actions alleged in the Complaint concern the actions of and/or employees of the Tangipahoa Parish Sheriff's Office and the Hammond Police Department, it is the city and not the parish that can be held vicariously liable for torts committed by its police officers.[35] As such, Miller argues the Complaint fails to state a claim upon which relief can be granted as to him.

---

[32] R. Doc. 26.
[33] Further, because Plaintiff is proceeding *pro se*, the Court has allowed additional time beyond the December 3, 2024 deadline for any opposition; none has been filed. The Court's Order granting Plaintiff additional time to respond was mailed by first-class and certified mail to the two mailing addresses Plaintiff provided during the November 14, 2024 status conference, 44202 Simpson Place, Apt. D in Hammond, LA 70403 and P.O. Box 2587 in Hammond, LA 70404, and was also sent to the email address provided by Plaintiff during the conference, embutler7@yahoo.com. *See* R. Doc. 26 at p. 2. The Court is aware that the Order mailed to Plaintiff's P.O. Box was returned as unclaimed. There has been no response to the Order mailed to Plaintiff at the Simpson Place address, nor has the Court received any notice that the email sent to Plaintiff at embutler7@yahoo.com with the Order was undeliverable.
[34] R. Doc. 22 at p. 1; R. Doc. 22-2 at p. 1.
[35] R. Doc. 22 at p. 1; R. Doc. 22-2 at p. 1 (citing *Nall v. Parish of Iberville*, 542 So.2d 145, 149 (La. App. 1 Cir. 1989); *Cheatham v. Lee*, 277 So. 2d 513, 516 (La. App. 1 Cir. 1973) (citing *Taylor v. City of Baton Rouge*, 233 So.2d 325 (La. App. 1 Cir. 1970)); *Bourque v. Lohr*, 248 So.2d 901 (La. App. 3 Cir. 1971)).

The Motion to Dismiss filed by Miller has a submission date of December 10, 2024.[36] As of the date of this Order, Plaintiff has not filed a response to the Motion. Thus, the Motion to Dismiss is unopposed.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[37] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[38] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[39] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[40]

In ruling on a motion to dismiss, this Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the non-moving party.[41] This Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[42] "Dismissal is appropriate

---

[36] R. Doc. 22.
[37] Fed. R. Civ. P. 12(b)(6).
[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)).
[39] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937) (quotation marks omitted).
[40] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).
[41] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018) (citing *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013)).
[42] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

when the complaint on its face shows a bar to relief."[43]  Further, "In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."[44]  A court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[45]

III.  ANALYSIS

The Supreme Court has made clear that a document filed by a *pro se* litigation must be "liberally construed,"[46] and that, however inartfully pleaded, a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."[47]  Nonetheless, while *pro se* pleadings are construed liberally, they "must set forth facts giving rise to a claim on which relief may be granted."[48]

To the extent Plaintiff seeks to hold Tangipahoa Parish President Robby Miller liable for the actions of Officers Hutchinson and Gautier, "The Louisiana Supreme Court has held that 'the sheriff is the appropriate governmental entity on which to place responsibility for the torts of a deputy.'"[49]  "This holding rests upon the court's

---

[43] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[44] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996)).
[45] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).
[46] *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)) (internal quotation marks omitted).
[47] *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (quoting *Estelle*, 429 U.S. at 106, 97 S.Ct. 285) (internal quotation marks omitted).  See Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").
[48] *Broussard v. Lensing*, 24 F.3d 236 (5th Cir. 1994) (citation omitted).
[49] *Abbott v. Town of Livingston*, Civ. A. No. 16-00188-BAJ-EWD, 2016 WL 413465, at *3 (M.D. La. July 29, 2016) (Jackson, C.J.) (quoting *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669, 671 (La. 1981)).

recognition that under Louisiana law—regardless of the source of funding a sheriff receives to run his office—it is the sheriff of a parish that 'hires and fires deputies, exercises direct and indirect supervision and control over them, fixes their time and place of work, and generally allocates their responsibility and assigns their deputies.'"[50] Thus, "the sheriff, in his official capacity, not the parish, should be the party held vicariously liable for torts committed by deputy sheriffs."[51] Other Sections of this Court have likewise held that, "In Louisiana, a parish sheriff occupies a constitutional office which exists and functions independently of the governing body of the parish."[52] As a result, "a parish government has no authority over a parish sheriff or, by extension, his deputies."[53]

To the extent Plaintiff's Complaint can be construed as alleging a claim against Miller based upon the conditions at Tangipahoa Parish Jail, "In Louisiana, the Parish government, including its President, has no authority over the general management of the jail or the prisoners in it."[54] "In Louisiana, sheriffs are the final policy makers with respect to the management of jails."[55] As a result, "local governments can never be liable under Section 1983 for the acts of those whom the local government has no

---

[50] *Abbott*, Civ. A. No. 16-00188-BAJ-EWD, 2016 WL 413465 at *3 (quoting *Jenkins*, 402 So.2d at 671).
[51] *Nall v. Parish of Iberville*, 542 So.2d 145, 148–49 (La. App. 1 Cir. 1989).
[52] *Elsensohn v. Parish of St. Tammany*, Civ. A. No. 06-11393, 2007 WL 9758151, at *2 (E.D. La. June 11, 2007) (Zainey, J.) (citing *Kraft v. Lee*, Civ. A. No. 06-2846, 2006 WL 3395592 (E.D. La. Nov. 22, 2006) (Barbier, J.); La. Const. art. 5 § 27; La. Const. art. 6, §§ 5(G) and 7(B)).
[53] *Elsensohn*, Civ. A. No. 06-11393, 2007 WL 9758151 at *2 (citing *Foster v. Hampton*, 352 So.2d 197, 203 (La. 1977); *Nall*, 542 So.2d 145).
[54] *Allbritton v. Tangipahoa Parish Jail*, Civ. A. No. 23-1834, 2024 WL 2739311, at *3 (E.D. La. May 14, 2024) (Roby, M.J.), *report and recommendation adopted*, 2024 WL 2722295 (E.D. La. May 28, 2024) (citing *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. May 8, 1998)).
[55] *Cousin v. St. Tammany Parish Jail*, Civ. A. No. 14-1514, 2015 WL 5017113, at *3 (E.D. La. Aug. 19, 2015) (Lemelle, J.) (citing *Jones*, 4 Supp. 2d at 613).

authority to control."⁵⁶  For these reasons, the Court finds that Plaintiff has failed to state a claim against Miller regarding the conditions at Tangipahoa Parish Jail.

Finally, to the extent Plaintiff asserts that Miller is liable under 42 U.S.C. §1983 because he had a supervisory position over the Hammond Police Department and "the Sheriff Department,"⁵⁷ Plaintiff has not alleged that Miller had any personal involvement in his arrest, incarceration, or any other violation of his constitutional rights.  The Fifth Circuit has held that supervisory officials, like a parish president, cannot be held liable under § 1983 for the actions of subordinates under any theory of vicarious liability.⁵⁸  Instead, a supervisory official can be held liable under § 1983 only if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."⁵⁹  Plaintiff has not alleged that Miller was personally involved in his arrest or incarceration, or that he suffered any constitutional violation directly resulting from any order, policy, or directive implemented by Miller.  As such, Plaintiff has failed to allege sufficient facts to state a § 1983 claim against Miller.

---

⁵⁶ *Cousin*, Civ. A. No. 14-1514, 2015 WL 5017113 at *3 (citing *McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir. 1996)).
⁵⁷ R. Doc. 1 at ¶ 12.
⁵⁸ *Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984) (en banc)).
⁵⁹ *Richardson v. Plaquemines Parish Detention Center*, Civ. A. No. 19-10926, 2020 WL 5217017, at *4 (E.D. La. Aug. 12, 2020) (Roby, M.J.), *report and recommendation adopted* 2020 WL 5209302 (E.D. La. Sept. 1, 2020) (quoting *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981)) (internal quotation marks omitted).

While Plaintiff has not filed a response to Miller's Motion to Dismiss, or otherwise requested leave to amend his Complaint, the Court will "freely give leave [to amend] when justice so requires."[60]  Nonetheless, leave to amend "is by no means automatic."[61]  In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[62]  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[63]

There is no indication in this case that Plaintiff has acted in bad faith, with a dilatory motive, or that he has caused undue delay in this matter by requesting leave to amend.  The issue before the Court is whether any amendment would be futile.  The Court finds that any amendment as to Miller would be futile.  Both in his Complaint as well as during the status conference with the Court, Plaintiff confirmed that he was not alleging that the Parish President was personally involved in any acts causing a deprivation, nor has he alleged any causal connection between and acts of the Parish President and any constitutional deprivation.  Accordingly, based on the facts represented by Plaintiff, any attempt to amend as to Miller would be futile.[64]

---

[60] Fed. R. Civ. P. 15(a).
[61] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).
[62] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[63] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[64] As the Sheriff is not a named party in this matter, the Court does not address the sufficiency of any allegations as to an unnamed party.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion to Dismiss, Purusant [sic] to *FRCP Rule 12(b)(6)*, For Failure to State a Claim Upon Which Relief Can Be Granted,[65] is **GRANTED**.  Elroy Mandell Butler's claims against Tangipahoa Parish President Robby Miller are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send the Plaintiff a copy of this Order via email and first-class and certified mail to the addresses below:

1. 44202 Simpson Place, Apt. D
   Hammond, LA 70403

2. P.O. Box 2587
   Hammond, LA 70404

New Orleans, Louisiana, January 15, 2025.

*[signature: Wendy B. Vitter]*
**WENDY B. VITTER**
**United States District Judge**

**CC via email:**
**Elroy Mandell Butler <embutler7@yahoo.com>**

---

[65] R. Doc. 22.