## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ELROY MANDELL BUTLER**                    **CIVIL ACTION**

**VERSUS**                                  **NO. 24-410**

**ROBBY MILLER, ET AL.**                    **SECTION: D (1)**

### ORDER AND REASONS

Before this Court is a Motion To Dismiss for Failure to State a Claim, filed by Officer Vincent Hutchinson and Officer Thaddeus Gautier (collectively, "Defendants").[1]

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The instant Motion had a submission date of August 20, 2024.[2] During a telephone status conference held on November 14, 2024, the Court gave Plaintiff until November 22, 2024 to seek leave to file an out of time response to the Motion.[3] At Plaintiff's request, the Court granted Plaintiff additional time, until December 3, 2024, to seek leave to file an out of time response to the Motion.[4] As of the date of this Order, no

---

[1] R. Doc. 11. In their Motion, Defendants advise that the Hammond Police Department, though not named as a defendant, is also responding to the Complaint. R. Doc. 11-1 at p. 1. Defendants further advise that the Hammond Police Department is not a juridical entity capable of being sued and should thus be dismissed with prejudice. *Id.* at p. 8. While Plaintiff references the Hammond Police Department in his Complaint, Plaintiff did not name the Hammond Police Department as a defendant in this matter. *See, generally,* R. Doc. 1. Thus, the Court does not address any arguments purportedly raised by the Hammond Police Department in the instant Motion.

[2] R. Doc. 11.

[3] R. Doc. 23.

[4] *See* R. Docs. 25 & 26.

memorandum in opposition or motion for leave to file an out of time opposition has been filed.[5]

Accordingly, because this Motion to Dismiss is unopposed, and further, importantly, it appearing to the Court that the Motion has merit, the Motion is **GRANTED.** The Court, however, will grant Plaintiff leave to amend his Complaint to address the deficiencies raised in the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[6]

On February 16, 2024, Elroy Mandell Butler, proceeding *pro se,* filed a Complaint in this Court asserting that his constitutional rights were violated when he was arrested on September 30, 2023 by Defendants, two officers of the Hammond Police Department.[7]  Plaintiff claims that he spent four days in the Tangipahoa Parish Jail and was transferred into the custody of the Hammond Police Department on October 4, 2023 when the district attorney's office rejected his charges.[8]  Plaintiff seems to assert that the Hammond Police Department and "the Sheriff's Department"

---

[5] Because Plaintiff is proceeding *pro se*, the Court has allowed additional time beyond the December 3, 2024 deadline for Plaintiff to file any opposition; none has been filed.  The Court's November 21, 2024 Order granting Plaintiff additional time to respond was mailed by first-class and certified mail to the two mailing addresses Plaintiff provided during the November 14, 2024 status conference, 44202 Simpson Place, Apt. D in Hammond, LA 70403 and P.O. Box 2587 in Hammond, LA 70404, and was also sent to the email address provided by Plaintiff during the conference, embutler7@yahoo.com.  *See* R. Doc. 26 at p. 2.  The Court is aware that the Order mailed to Plaintiff's P.O. Box was returned as unclaimed.  There has been no response to the Order mailed to Plaintiff at the Simpson Place address, nor has the Court received any notice that the email sent to Plaintiff at embutler7@yahoo.com with the Order was returned as undeliverable.

[6] In the interest of judicial economy, and because the factual background of this case was set forth in great detail in the Court's January 15, 2025 Order and Reasons (R. Doc. 30), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.

[7] R. Doc. 1.

[8] *Id.* at p. 6.  In a status conference with the Court on November 14, 2024, Plaintiff advised that, upon his release from Tangipahoa Parish Jail, he was transferred into the custody of the Hammond Police Department due to an outstanding warrant for failure to appear for an unrelated traffic offense.

violated his constitutional rights by unlawfully arresting him and charging him as a felon in possession of a firearm when Officer Hutchinson and Officer Gautier knew that his prior felony conviction had been expunged.[9]  Plaintiff alleges that his handgun was illegally seized at the time of his arrest in violation of his rights under the Second Amendment, and that he still has not received his personal property from the Hammond Police Department, including his handgun and his wallet containing his identification, Medicare card, Social Security Card, and prescriptions for his pain medicine.[10]  While the Complaint references 25 C.F.R § 11.404, which concerns false imprisonment,[11] in reading Plaintiff's Complaint broadly it appears that Plaintiff is bringing claims against Defendants pursuant to 42 U.S.C. § 1983, claiming a Fourth Amendment violation based upon his unlawful arrest, a Fourteenth Amendment violation based upon false imprisonment, and a Second Amendment violation based upon the seizure of his handgun.[12]

In the Motion to Dismiss, Defendants assert that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) and (6).[13]  Defendants assert that Plaintiff's claims should be dismissed for insufficient service under Rule 12(b)(5), and that Plaintiff's § 1983 claims should be dismissed for failure to state a claim under Rule 12(b)(6).[14]  Defendants further assert that to the extent Plaintiff has pled

---

[9] *Id*. at p. 7.

[10] *Id*. at p. 8.

[11] *Id*. at p. 4.

[12] The Court notes that Plaintiff also named as a defendant Tangipahoa Parish President, Robby Miller.  *Id*. at p. 2.  On January 15, 2025, the Court issued an Order and Reasons granting Miller's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and dismissed Miller from the litigation.  R. Doc. 30.

[13] R. Doc. 11.

[14] R. Doc. 11-1 at pp. 4–8.

sufficient facts to support a constitutional violation, Defendants are entitled to qualified immunity.[15]

## II.    LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(5) Motion to Dismiss

Defendants seek the dismissal of Plaintiff's claims for "insufficient service of process" pursuant to Federal Rule of Civil Procedure 12(b)(5).[16]  "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint."[17]  A party may move to dismiss a complaint without prejudice under Rule 12(b)(5) if a plaintiff fails to timely serve the party within the time limits set forth in Rule 4(m).  Rule 4(m), in turn, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows

---

[15] *Id*. at pp. 6–8.  Defendants also assert that Plaintiff's claims against the Hammond Police Department should be dismissed with prejudice because it is not a juridical entity capable of being sued.  *Id*. at p. 8.  Because Plaintiff did not name the Hammond Police Department as a defendant (*See* R. Doc. 1), the Court will not address the Defendants' arguments regarding the Hammond Police Department.

[16] R. Doc. 11 at p. 1; *See* R. Doc. 11-1 at p. 3–4.

[17] 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1353 (3d ed.) (citing authority).

good cause for the failure, the court must extend the time for service for an appropriate period.[18]

"To establish good cause, a plaintiff has the burden of demonstrating '*at least* as much as would be required to show excusable neglect . . . .'"[19]  Further "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice . . . ."[20]

### B. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[22]

"When considering a motion to dismiss for failure to state a claim, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff."[23]

---

[18] Fed. R. Civ. P. 4(m).

[19] *Newby v. Enron Corp.*, 284 Fed.Appx. 146, 149 (5th Cir. 2008) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis in original).

[20] *Winters*, 776 F.2d at 1306; *see also Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995).

[21] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)) (quotation marks omitted).

[22] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).

[23] *Fernandez-Montes v. Allied Pilots Ass'n*, 978 F.2d 278, 284 (5th Cir. 1993) (citation omitted).  *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches*

Thus, "[u]nless it appears 'beyond a doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief,' the complaint should not be dismissed for failure to state a claim, and leave to amend should be liberally granted."[24]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[25]  "Dismissal is appropriate when the complaint on its face shows a bar to relief."[26]  Further, "In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."[27]  A court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[28]  The Court may also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[29]

### C. Pro Se Pleadings

The Supreme Court has instructed that pleadings filed by *pro se* litigants are "to be liberally construed."[30]  The Supreme Court has also made clear that, "a *pro se*

---

*Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) ("We accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.").

[24] *Fernandez-Montes,* 978 F.2d at 284–85 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)) (emphasis in original).

[25] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[26] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

[27] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996)).

[28] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340–41 (5th Cir. 2011).

[29] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Sys., Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).

[30] *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)) (internal quotation marks omitted).

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[31]  That said, a court will not "invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing."[32]

### D. Liability Under 42 U.S.C. § 1983 and Qualified Immunity

Title 42 U.S.C. § 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law.  Specifically, § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.[33]

Because § 1983 merely provides a remedy for designated rights, and does not create any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[34]  To establish § 1983 liability, the plaintiff must establish the following three elements: (1) deprivation of a right secured by the United States Constitution or federal law; (2) that occurred under color of state law; and (3) was caused by a state actor.[35]  A state official can be sued in his individual capacity and held personally liable under § 1983 if a plaintiff can show that the official, acting

---

[31] *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (quoting *Estelle*, 429 U.S. at 106, 97 S.Ct. 285) (internal quotation marks omitted).
[32] *Jones v. Alfred*, 353 Fed.Appx. 949, 951–52 (5th Cir. 2009).
[33] 42 U.S.C. § 1983.
[34] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[35] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

under state law, caused the deprivation of a federal right.[36]  According to the Fifth Circuit, "[t]his standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." [37]

Qualified immunity is a defense to § 1983 claims that "shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."[38]  The Supreme Court has held that, "[a] clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'"[39]  According to the Supreme Court, "[q]ualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[40]  The Supreme Court has made clear that qualified immunity functions as "an immunity from suit, rather than a mere defense to liability . . . ."[41]  Since qualified immunity is an immunity from suit and not a defense to liability, the Supreme Court has repeatedly "stressed the importance of resolving immunity

---

[36] *Terry v. City of New Orleans*, 523 F. Supp. 2d 486 (E.D. La. 2007) (citing *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)).

[37] *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996)).

[38] *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012) (citing *Ashcroft v. al-Kidd*, 563 U.S. 735, 131 S.Ct. 2074, 2080, 179 L.Ed.2d 1149 (2011)).

[39] *Mullenix v. Luna*, 577 U.S. 7, 11–12, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (quoting *Reichle*, 566 U.S. 658, 132 S.Ct. at 2093).

[40] *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

[41] *Id.*, 555 U.S. at 237, 129 S.Ct. 808 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)) (internal quotation marks omitted).

questions at the earliest possible stage in litigation."[42]  "[T]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"[43]  "This means that even law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity." [44]  Once the government official asserts the defense of qualified immunity, the burden shifts to the plaintiff to negate the defense.[45]

To overcome a claim of qualified immunity, a plaintiff must demonstrate: (1) that the official violated a statutory or constitutional right; and (2) that the right was "clearly established" at the time of the challenged conduct.[46]  The Supreme Court has held that courts may grant qualified immunity on the ground that a purported right was not "clearly established" by prior case law, without resolving the often more difficult question of whether the purported right exists at all.[47]  According to the Supreme Court, "[t]his approach comports with our usual reluctance to decide constitutional questions unnecessarily."[48]

---

[42] *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam) (citing authority).

[43] *Brumfield v. Hollins*, 551 F.3d 322, 326–27 (5th Cir. 2008) (quoting *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)).

[44] *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 488 (5th Cir. 2001) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001)) (internal quotation marks omitted).

[45] *Joseph on behalf of Est. of Joseph v. Bartlett,* 981 F.3d 319, 329–30 (5th Cir. 2020).

[46] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 2080, 179 L.Ed.2d 1149 (2011) (citation omitted).

[47] *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012) (citing *Pearson v. Callahan*, 555 U.S. 223, 227, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)).

[48] *Reichle*, 566 U.S. at 664, 132 S.Ct. at 2093 (citing authority).

## III.    ANALYSIS

### A. Defendants' Rule 12(b)(5) Motion to Dismiss For Insufficient Service.

In their Motion to Dismiss, Defendants assert that they were not properly served, since Officer Hutchinson was not personally served and Officer Gautier was served well after the 90 days required by Rule 4(m).[49]  Defendants assert that Officer Hutchinson was not properly served in compliance with Fed. R. Civ. P. 4(e)(2)(A) or (B) and that he has not appointed an authorized agent to accept service on his behalf.[50]  Defendants claim that this Court has determined that service on a police department's duty officer or receptionist is insufficient for service as to an individual officer.[51]

According to the record, Officer Hutchinson was "personally served" through "Hammond P.D. Front Desk Administrator" on June 21, 2024,[52] and Officer Gautier was "personally served" through "Hammond P.D. Administration/Thaddeus Gautier" on June 21, 2024.[53]  While Defendants provide more information regarding service on Officer Hutchinson, it is unclear whether they seek dismissal under Rule 12(b)(5) for insufficient service on Officer Gautier, Officer Hutchinson, or both.[54]  As such, the Court will address the sufficiency of service on both defendants.

---

[49] R. Doc. 11-1 at pp. 2 & 4.  Defendants also assert that, "service has not been requested or received by the Hammond Police Department."  *Id*. at p. 4.
[50] *Id*. at p. 4.
[51] *Id*.
[52] R. Doc. 16.
[53] R. Doc. 15.
[54] R. Doc. 11-1 at pp. 2 & 4.

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[55] Rule 4(m) further provides that, "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period."[56]  Here, Plaintiff is proceeding as a *pro se* litigant and *in forma pauperis*.[57]  After filing his Complaint, Plaintiff sought, and this Court granted, several extensions of Plaintiff's deadline to serve the Defendants.[58]  In his motions seeking extensions of time, Plaintiff advised that he had contacted the U.S. Marshal's office to effectuate service and was told that they were still working to serve the summonses.[59]  As a result of the extensions, Plaintiff had until August 21, 2024 to file proof of service into the record or to show good cause, in writing and filed into the record, why Defendants should not be dismissed for failure to prosecute under Rule 4(m).[60]

As Plaintiff is proceeding *pro se* and *in forma pauperis* he is entitled to some latitude.[61]  Pursuant to Fed. R. Civ. P. 4(c)(2)(B)(i), a party proceeding *in forma pauperis* is entitled to service by the U.S. Marshal.[62]  In this case, Plaintiff relied on the U.S. Marshal's Service to serve Defendants.[63]  The Fifth Circuit has held that, "a

---

[55] Fed. R. Civ. P. 4(m).
[56] *Id*. (emphasis added).
[57] *See* R. Doc. 3.
[58] *See* R. Docs. 7, 8, 9, 10, 12, & 13.
[59] R. Docs. 7, 9, & 12.
[60] R. Doc. 13.
[61] *Rochon v. Dawson*, 828 F.2d 1107, 1109 (5th Cir. 1987).
[62] *Id*. (*citing* Fed. R. Civ. P. 4(c)(2)(C)(ii).
[63] R. Doc. 5.

plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant."[64]  As to Defendants' argument that Officer Hutchinson was not personally served, Defendants are correct in their assertion that service upon an agent is only satisfactory if the agent is "authorized by law or by appointment" to receive it.[65] There is no information before the Court indicating that Officer Hutchinson designated the Hammond Police Department Front Desk Administrator as his agent for service of process.

Nonetheless, because Plaintiff relied on the U.S. Marshal's Service to serve Defendants, the analysis shifts to whether there was "any dilatoriness or fault" by Plaintiff that resulted in the delay by the Marshal's Service.[66]  There is no information before the Court to suggest that the delay in service was caused by Plaintiff.  There is no indication that the Marshal's office advised Plaintiff of any deficiencies with the summonses or with the addresses provided.  The record also reflects that Plaintiff sought service of the Defendants when he filed his Complaint.[67] Thus, the Court finds that the delay and improper service of the Defendants was not the fault of Plaintiff.  To the extent that Defendants seek dismissal of the Complaint

---

[64] *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 447 (5th Cir. 1996) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).
[65] *Carter ex rel. Johnson v. City of Thibodaux Police Dep't,* Civ. A. No. 13-105, 2013 WL 5673570, at *2 (E.D. La. Oct. 14, 2013) (Berrigan, J.) (*quoting* Fed. R. Civ. P. 4(e)(2) and citing *O'Meara v. New Orleans Legal Assistance Corp.*, Civ. A. No. 90-4893, 1991 WL 110401 (E.D. La. June 10, 1991) (Sear, J.)).
[66] *Rochon,* 828 F.2d at 1110.
[67] R. Docs. 1-1, 1-2, and 1-3.

under Rule 12(b)(5) for failure to timely serve, or to personally serve, them, the Court denies that Motion.

### B. Defendants' Rule 12(b)(6) Motion to Dismiss

*1. Consideration of Documents Attached to the Motion to Dismiss*

Before turning to the merits of Defendants' Rule 12(b)(6) arguments, the Court must address Defendants' request for the Court to consider documents outside of the pleadings. Attached to their Motion is an exhibit containing several documents, which Defendants claim are the Incident Report issued by the Hammond Police Department on October 1, 2023,[68] a Probable Cause Affidavit submitted by Officer Hutchinson to the 21st Judicial District Court for Tangipahoa Parish on October 1, 2023,[69] a Warrant of Attachment issued by the City Court of Hammond on November 22, 2022,[70] an Advice of Miranda Rights form signed by Plaintiff on October 1, 2023,[71] a criminal records report received on September 30, 2023,[72] and the results of a Louisiana Department of Motor Vehicles ("DMV") records check received on September 30, 2024.[73] Defendants contend that the Court can take judicial notice of the Warrant and the Incident Report because they are public records under Louisiana law.[74] Defendants further assert that the Court can consider Plaintiff's criminal records search results because it is referenced in the Complaint,[75] and that the Court

---

[68] R. Doc. 11-3 at pp. 1–4.
[69] *Id*. at p. 5.
[70] *Id*. at p. 6.
[71] *Id*. at p. 7.
[72] *Id*. at pp. 8–9.
[73] *Id*. at pp. 10–11.
[74] R. Doc. 11-1 at pp. 4–5.
[75] *Id*. at p. 5 (*citing* R. Doc. 1 at ¶ 2).

can consider the Advice of Miranda Rights form, the Affidavit of Probable Cause, and the DMV search results showing Plaintiff had a suspended license because they are integral to Plaintiff's claims.[76]

As previously discussed, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[77] The Court may also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[78] The Court finds that it can consider the Incident Report and the Warrant of Attachment because they are public records.[79] The Court can also consider Plaintiff's criminal records report, which is referenced in the Complaint[80] and central to Plaintiffs' claim that he was unlawfully arrested because his prior felony conviction was expunged. None of the other documents are referenced in the Complaint.

As stated by one of our sister courts, "[w]hether a court may take judicial notice of an arrest-warrant *affidavit*, however, is less clear. Arrest warrant affidavits that

---

[76] R. Doc. 11-1 at p. 5.

[77] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340–41 (5th Cir. 2011).

[78] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Sys., Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).

[79] *See* La. R.S. 44:3(4)(a); *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 906 (E.D. La. 2001) ("Defendants attached a copy of the arrest warrant to their brief and, a public record, the Court is entitled to consider such a matter in connection with a Rule 12(b)(6) motion.") (citing authority). The Court notes that the Warrant of Attachment was signed by a judge of the City Court of Hammond.

[80] R. Doc. 1 at pp. 5–6 & 7–8.

are publicly filed are public records."[81]  Defendants have provided no information

regarding whether the Probable Cause Affidavit attached to their Motion was filed

into any court record.  There is likewise no information regarding whether the Advice

of Miranda Rights form or the DMV records check have been filed into any court

record.  Defendants claim that the traffic stop in this case was initiated when Officer

Hutchinson observed Plaintiff operating a motor vehicle with a suspended license and

that the DMV records check confirmed that Plaintiff's license was suspended and was

last active in 2014.[82]  Plaintiff, however, has alleged in his Complaint that Officer

Hutchinson told him that he was stopped because of the tint on his car windows, not

because of a suspended license.[83]  Thus, Plaintiff's DMV records are not cited in the

Complaint.  The Court finds it inappropriate at this stage to take judicial notice of

the Advice of Miranda Rights form, Plaintiff's DMV records, or the Probable Cause

Affidavit, as Officer Hutchinson's account of the facts therein are disputed by

Plaintiff.

### 2. Plaintiff's Fourth and Fourteenth Amendment Claims

As previously mentioned, construing the Complaint broadly, it appears that

Plaintiff is claiming a Fourth Amendment violation based upon his unlawful arrest

and a Fourteenth Amendment violation based upon false imprisonment.[84]  Notably,

Plaintiff does not differentiate between these two claims, alleging that he was

---

[81] *Poullard v. Gateway Buick GMC LLC*, Civ. A. No. 3:20-CV-2439-B, 2021 WL 2376721, at *12 (N.D. Tex. June 10, 2021) (Boyle, J.) (citing *Camacho v. Johnson*, 142 F.2d 1279 (5th Cir. 1998)) (emphasis in original).
[82] R. Doc. 11-1 at pp. 5–6.
[83] R. Doc. 1 at p. 5.
[84] *Id*. at pp. 4 & 7–8.

deprived "of my Liberty, Personal Security and Freedom of Movement by [being charged] as a Felon with a Firearm,"[85] and alleging that, "I should never have been arrested on Felony charges with a Firearm in the 1st place once the Officers saw the [criminal records] report."[86]  Thus, both claims are premised upon the lawfulness of Plaintiff's arrest.

The Fourth Amendment to the United States Constitution provides that citizens have the right to be free from arrests made without probable cause.[87]  The right to be free from false arrest, or an arrest without probable cause, is clearly established.[88]  The Fourteenth Amendment provides in relevant part that "no State shall . . . deprive any person of life, liberty, or property, without due process of law."[89]  The Fifth Circuit has held that to prevail on a § 1983 false arrest/false imprisonment claim, a plaintiff must show that the arresting officer did not have probable cause to arrest him.[90]  "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."[91]  According to the Fifth Circuit, the arresting officer need only know with "fair probability" that the defendant committed the crime, "which requires more than

---

[85] *Id*. at p. 7.
[86] *Id*. at p. 8.
[87] *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994).
[88] *Alexander v. City of Round Rock*, 854 F.3d 298, 306–07 (5th Cir. 2017) (citing authority).
[89] U.S. CONST. amend. IV.
[90] *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citing *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest . . . and false imprisonment . . . require a showing of no probable cause.")) (internal citations omitted).
[91] *Haggerty,* 391 F.3d at 655-56 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)) (internal quotation marks omitted).

a 'bare suspicion' but less than a preponderance of evidence."[92]  The Fifth Circuit has also held that a plaintiff "must clear a significant hurdle" to defeat a defendant's qualified immunity," and that,  "[T]here must not even arguably be probable cause for the . . . arrest for immunity to be lost."[93]  Because Plaintiff appears to assert that both Officer Hutchinson and Officer Gautier violated his Fourth and Fourteenth Amendment rights, the Court will examine each officer's actions independently to determine whether they are entitled to qualified immunity.[94]

### (i) Officer Hutchinson

Plaintiff alleges that he was arrested by Officer Hutchinson on September 30, 2023 for being a felon in possession of a firearm.[95]  While Plaintiff asserts that this charge was eventually dropped,[96] whether or not there was probable cause for Plaintiff's arrest is determined at the "moment of the arrest."[97]  Louisiana Revised Statute Title 14, Section 95.1 prohibits the possession of a firearm or carrying a concealed weapon by people who have been convicted of certain felonies.  Specifically, La. R.S. 14:95.1 provides that:

> It is unlawful for any person who has been convicted of . .. a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of a controlled

---

[92] *United States v. Watson*, 273 F.3d 599, 602–03 (quoting *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999)).

[93] *Haggerty*, 391 F.3d at 656 (quoting *Brown*, 243 F.3d at 190) (internal quotation marks omitted).

[94] *Solis v. Serrett,* 31 F.4th 975, 981 (5th Cir. 2022) (citing *Meadours v. Ermel*, 483 F.3d 417, 421–22 (5th Cir. 2007)).

[95] R. Doc. 1 at p. 5.

[96] *Id.* at p. 6.

[97] *Haggerty*, 391 F.3d at 655 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)).

dangerous substance, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.[98]

Here, Plaintiff's criminal records search appears to show that he was arrested in Dallas, Texas for theft over $1,500, that he pled guilty on May 31, 2000, and that he received five years of supervised probation to begin on May 31, 2000 and end on May 31, 2005.[99]  Notably, the word "FELON" appears prominently at the top of the first page of the criminal records report.[100]  While not addressed by Defendants, Louisiana law does not include theft in its definition of "crime of violence" in La. R.S. 14:2(B).  The Court recognizes that under Louisiana law, theft of an amount of one thousand dollars or more is a felony.[101]  However, felony theft is not one of the enumerated underlying felonies listed in La. R.S. 14:95.1.[102]

The Court further finds that even if felony theft was one of the enumerated underlying felonies that could support a conviction for felon in possession of a firearm under Louisiana law, La. R.S. 14:95.1 contains a ten-year statutory limitation, or

---

[98] La. R.S. 14:95.1(A)(1).
[99] R. Doc. 11-3 at pp. 8–9.
[100] *Id*. at p. 8.
[101] La. R.S. 14:67(B)(3).
[102] *Slaydon v. State Through Dep't of Wildlife & Fisheries*, 93-1380 (La. App. 3 Cir. 5/4/94), 636 So.2d 1151, 1152 ("The district attorney dismissed the charges under La. R.S. 14:95.1 because felony theft is not one of the enumerated underlying felonies required for conviction under that statute.").

"cleansing," period.[103]  The statute specifically provides that:

> The provisions of this Section prohibiting the possession of firearms and
> carrying concealed weapons by persons who have been convicted of, or
> who have been found not guilty by reason of insanity for, certain felonies
> shall not apply to any person who has not been convicted of, or who has
> not been found not guilty by reason of insanity for, any felony for a
> period of ten years from the date of completion of sentence, probation,
> parole, suspension of sentence, or discharge from a mental institution
> by a court of competent jurisdiction.[104]

As alleged in the Complaint,[105] the criminal records report clearly shows that
Plaintiff's probation for the prior theft offense ended in 2005 and does not reflect any
other arrests or felony offenses since that time.  As such, the Court finds that Officer
Hutchinson lacked probable cause to arrest Plaintiff for being a felon in possession of
a firearm based upon his criminal records report and his prior conviction in Texas.

That, however, does not end the inquiry, as Defendants assert that Officer
Hutchinson had probable cause to arrest Plaintiff based upon the outstanding
warrant issued by the City of Hammond Court.[106]  The Court finds that the Warrant
authorized Officer Hutchinson to arrest Plaintiff for refusing to appear for his
arraignment/trial in that court on November 17, 2022 on a charge of operating a
vehicle with a suspended license under La. R.S. 32:415.[107]  As noted by the Fifth
Circuit, "[u]nder Supreme Court precedent, the existence of probable cause for any
offense is sufficient to defeat a claim of false arrest, even if the offense giving rise to

---

[103] *Brumfield v. Louisiana*, Civ. A. No. 23-3522, 2024 WL 629464, at *7 (E.D. La. Jan. 24, 2024)
(Currault, M.J.), *report and recommendation adopted* by *Brumfield v. Louisiana*, Civ. A. No. 23-3522,
2024 WL 623916 (E.D. La. Feb. 14, 2024) (Africk, J.).
[104] La. R.S. 14:95(C).
[105] R. Doc. 1 at pp. 5–6.
[106] R. Doc. 11-1 at p. 5 (*citing* R. Doc. 11-3 at p. 6) ("Additionally, the City Court of Hammond had
issued an outstanding Warrant for contempt.").
[107] R. Doc. 11-3 at p. 6.

probable cause is different from 'the offense identified by the arresting officer at the time of arrest.'"[108]  Based upon this authority and Plaintiff's outstanding Warrant, and noting that the "Narrative" section of the October 1, 2023 Incident Report details the basis for the stop of Plaintiff's car, the Court finds that Officer Hutchinson had probable cause to arrest Plaintiff on September 30, 2023.

Because Plaintiff has failed to show that Officer Hutchinson lacked probable cause to arrest him, Plaintiff has failed to allege sufficient facts to show that Officer Hutchinson violated his constitutional rights under the Fourth and Fourteenth amendments by arresting him.  As such, the Court finds that Plaintiff cannot defeat Officer Hutchinson's qualified immunity defense because Plaintiff cannot show that his arrest violated a clearly established constitutional right.[109]

### (ii) Officer Gautier

Plaintiff's sole claim as to Officer Gautier is that, following his arrest by Officer Hutchinson, Plaintiff was transported to the police station where "Officer Hutchinson then called in his supervisor Officer Thaddeus Gautier to view the [criminal records] print out.  Officer Gautier read the same thing . . . Probation . . .Expungement in 2005.  Officer Gautier then stated that they'll let Amite (Parish Jail) sort it out."[110] The Complaint contains no other claim, nor any factual allegations, regarding Officer Gautier.  As Plaintiff does not claim that Officer Gautier arrested him, the Complaint fails to state a claim for wrongful arrest against Officer Gautier.  To the extent that

---

[108] *Livingston v. Texas*, Case No. 22-40719, 2023 WL 4931923, at *3, n.3 (5th Cir. Aug. 2, 2023) (per curiam) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004)).
[109] *Club Retro, LLC v. Hilton*, 568 F.3d 181, 206–07 (5th Cir. 2009).
[110] R. Doc. 1 at p. 6.

Plaintiff has asserted a § 1983 claim against Officer Gautier based upon false imprisonment under the Fourteenth Amendment, the Court finds that Plaintiff has failed to state a claim for the same reasons set forth as to Officer Hutchinson. The Court has determined that Officer Hutchinson had probable cause for Plaintiff's arrest, which is the basis for Plaintiff's claim of wrongful imprisonment against Officer Gautier. As such, the Court finds that Plaintiff cannot defeat Officer Gautier's assertion of qualified immunity because Plaintiff cannot show that his arrest violated a clearly established constitutional right.

### 3. *Plaintiff's Second Amendment Claim*

In addition to his claims for false arrest and false imprisonment under the Fourth and Fourteenth Amendments, Plaintiff alleges that his Second Amendment rights were violated when his handgun was seized by Officer Hutchinson at the time of his arrest.[111] Plaintiff alleges that after informing Officer Hutchinson of the paperwork for his tinted windows, he told Officer Hutchinson "that I had my Handgun in the car," Officer Hutchinson "retrieved my handgun then proceeded to his patrol car," and he was then placed under arrest for being a felon in possession of a firearm.[112] Plaintiff specifically alleges that:

> My Handgun was Illegally Seized and I was charged and sent to the Parish Jail. Hammond PD, which also Violated my Right to Bear Arms for lawful purpose. The 2nd Amendment prohibition against infringement of that Right applies equally to the States. I have been

---

[111] R. Doc. 1 at pp. 4, 7–8, & 9.
[112] *Id*. at p. 5.

calling the Hammond PD Evidence room since October 10, 2023 trying
to get my Handgun, but again to no avail.[113]

Plaintiff further alleges that he has not "gotten my Handgun back from Hammond

PD . . . in Violation of my Constitutional Rights,"[114] and that, "I've been without my

Fire Arm for months now."[115]

    While not a model of clarity, Defendants seem to assert that Plaintiff has failed

to state a § 1983 claim based upon the violation of his Second Amendment rights

because one Section of this Court has determined that, "there are no clearly

established rules regarding whether a police officer is liable under the Second

Amendment for confiscating a firearm to protect officer safety during a traffic stop."[116]

Thus, Defendants appear to asset that Plaintiff cannot show the violation of a clearly

established right under the Second Amendment.

    In *District of Columbia v. Heller,* the Supreme Court held that the Second

Amendment codified a pre-existing right of an individual "to keep and bear arms"

within the home for self-defense.[117]  The Supreme Court, however, recognized that

the Second Amendment right "is not unlimited," and that citizens are not free "to

keep and carry any weapon whatsoever in any manner whatsoever and for whatever

purpose."[118]  The Supreme Court also acknowledged that its *Heller* decision

"represents this Court's first in-depth examination of the Second Amendment" and,

---

[113] *Id*. at p. 8.
[114] *Id*. at p. 7.
[115] *Id*. at p. 9.
[116] R. Doc. 11-1 at p. 7 (quoting *Brown v. City of New Orleans*, Civ. A. No. 16-17080, 2017 WL 897875, at *7 (E.D. La. Mar. 7, 2017) (Lemmon, J.)), *aff'd sub nom. Brown v. New Orleans City*, 692 Fed.Appx. 206 (5th Cir. 2017)).
[117] 554 U.S. 570, 592, 595, 635, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008).
[118] *Id.*, 554 U.S. at 626, 128 S.Ct. 2783.

as such, "one should not expect it to clarify the entire field . . . ."[119] Two years later, in *McDonald v. City of Chicago,* the Supreme Court held that, "the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*" against the States.[120] In its most recent consideration of the Second Amendment, the Supreme Court held in *New York State Rifle & Pistol Association, Inc. v. Bruen* that the Second Amendment protects the right of "ordinary, law-abiding, adult citizens" to carry handguns for self-defense outside of the home."[121] The Fifth Circuit, in light of *Heller* and *McDonald*, has recognized that, "an individual's Second Amendment rights are subject to 'limited, narrowly tailored specific exceptions or restrictions for particular cases.'"[122]

Notably, the three Supreme Court cases cited above involved challenges to local ordinances banning the possession of certain firearms in certain locations. Plaintiff is not challenging any local ordinance banning the possession of firearms. Instead, Plaintiff is challenging Officer Hutchinson's seizure of his handgun at the time of his arrest. As explained by one of our sister courts:

> It is not illegal, [for example], for a police officer to seize an arrestee's weapon if the officer is making a custodial arrest or reasonably believes that officer or public safety requires such a seizure. "So long as the requirements of the Fourth Amendment are met, police officers may . . . confiscate guns that they believe have been used to commit a crime.

---

[119] *Id.*, 554 U.S. at 635, 128 S.Ct. 2783.
[120] 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010).
[121] 597 U.S. 1, 31–32, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022).
[122] *Schaefer v. Whitted*, 121 F. Supp. 3d 701, 710 (5th Cir. 2015) (quoting *United Staes v. Emerson*, 270 F.3d 203, 260–61 (5th Cir. 2001)).

> Such a search and seizure is a reasonable, necessary restriction on an individual's Second Amendment right to bear arms."[123]

As Defendants point out, at least one Section of this Court has held that, "there are no clearly established rules regarding whether a police officer is liable under the Second Amendment for confiscating a firearm to protect officer safety during a traffic stop."[124] Even assuming, *arguendo*, that Plaintiff's Complaint states a claim for relief under the Second Amendment, the Court finds that the claim is barred by qualified immunity because Plaintiff cannot show that Officer Hutchinson's conduct violated a constitutional right under the Second Amendment that was clearly established at the time of his arrest.

The Court further finds that while Plaintiff's Complaint references the Second Amendment, Plaintiff's claim regarding the unlawful seizure of his handgun is better understood as a Fourth Amendment violation.[125] The Fourth Amendment provides that people have a right to be free from "unreasonable searches and seizures."[126] "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement."[127] According to the Fifth Circuit, "[a]

---

[123] *Ollie v. City of DeSoto*, Civ. A. No. 3:22-cv-1261-S-BN, 2023 WL 4154445, at *5 (N.D. Tex. Apr. 24, 2023) (Horan, M.J.), *report and recommendation adopted by Ollie v. City of DeSoto*, Civ. A. No. 3:22-cv-1261-S-BN, 2023 WL4982780 (N.D. Tex. Aug. 3, 2023) (Scholer, J.) (quoting *Hunter v. City of Electra, Tex.*, Civ. A. No. 7:03-cv-153-R, 2006 WL 1814150, at *7 (N.D. Tex. June 29, 2006) (Buchmeyer, J.)).

[124] *Brown v. City of New Orleans*, Civ. A. No. 16-17080, 2017 WL 897875, at *7 (E.D. La. Mar. 7, 2017) (citing *Schaefer v. Whitted*, 121 F. Supp. 3d 701, 711 (W.D. Tex. 2015)). The Court notes that at least one federal district court in Texas has declined to recognize a Second Amendment claim against an individual officer under 42 U.S.C. § 1983. *Luna v. City of Round Rock*, Civ. A. No. 1:21-CV-00170-RP-SH, 2022 WL 4491084, at *10 (W.D. Tex. Sept. 26, 2022) (Hightower, M.J.) (report and recommendation) (citing *Schaefer*, 121 F. Supp. 3d at 710).

[125] *Ollie*, Civ. A. No. 3:22-cv-1261-S-BN, 2023 WL 4154445 at *4.

[126] U.S. CONST. amend. IV.

[127] *Bailey v. Ramos*, 125 F.4th 667, 679 (5th Cir. 2025) (quoting *Riley v. California*, 573 U.S. 373, 382, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014)) (internal quotation marks omitted).

warrantless search incident to lawful arrest is one of the oldest and most widely used exceptions to the warrant requirement."[128]  The Court finds that Plaintiff's unlawful seizure claim "rises and falls" with his false arrest claim "because the exception [to the warrant requirement] would not apply if the arrest were deemed unlawful."[129]  The Court has determined that Defendants had probable cause to arrest Plaintiff based upon the outstanding Warrant, and that Defendants are entitled to qualified immunity on Plaintiff's Fourth and Fourteenth Amendment claims.  For the same reasons, the Court further finds that Defendants are entitled to qualified immunity on Plaintiff's unlawful seizure claim concerning his handgun.

To the extent Plaintiff also seems to allege that his constitutional rights under the Second Amendment were violated because his firearm was improperly retained by the Hammond Police Department, the Court finds that argument is now moot.  During a telephone status conference held on November 14, 2024, defense counsel advised, and Plaintiff confirmed, that his handgun had been returned to him.

## IV.  LEAVE TO AMEND

While the Court will "freely give leave [to amend] when justice so requires,"[130] leave to amend "is by no means automatic."[131]  In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

---

[128] *Bailey*, 125 F.4th at 679 (citing *Riley*, 573 U.S. at 382, 134 S.Ct. 2473).
[129] *Bailey*, 125 F.4th at 679.
[130] Fed. R. Civ. P. 15(a).
[131] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).

amendment, and futility of the amendment."[132]  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[133]

Because Plaintiff is proceeding *pro se* and *in forma pauperis*, the Court finds it appropriate to grant Plaintiff leave to amend his Complaint to address the deficiencies raised in Defendants' Motion to Dismiss.  As such, Plaintiff shall have thirty (30) days from the date of this Order and Reasons to file an amended complaint addressing the deficiencies raised as to the sufficiency of his § 1983 claims premised upon the violation of his constitutional rights under the Second, Fourth, and Fourteenth Amendments.  If Plaintiff fails to amend his Complaint within that time, the Court will dismiss with prejudice Plaintiff's § 1983 claims in accordance with this Order and Reasons.

## V.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion To Dismiss for Failure to State a Claim, filed by Officer Vincent Hutchinson and Officer Thaddeus Gautier,[134] is **GRANTED.**

**IT IS FURTHER ORDERED,** however, that plaintiff, Elroy Mandell Butler, shall have **thirty (30) days** from the date of this Order and Reasons to file an amended complaint that addresses the deficiencies raised in the Motion to Dismiss regarding the sufficiency of his 42 U.S.C. § 1983 claims based upon violations of his

---

[132] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[133] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[134] R. Doc. 11.

constitutional rights under the Second, Fourth, and Fourteenth Amendments.  If Plaintiff fails to timely file an amended complaint, the Court will issue an order dismissing with prejudice all of his § 1983 claims against Officer Vincent Hutchinson and Officer Thaddeus Gautier.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Elroy Mandell Butler a copy of this Order and Reasons via email and first-class and certified mail to the addresses below:

1. 44202 Simpson Place, Apt. D
   Hammond, LA 70403

2. P.O. Box 2587
   Hammond, LA 70404

New Orleans, Louisiana, March 31, 2025.

**WENDY B. VITTER**
**United States District Judge**

**CC via email:**
**Elroy Mandell Butler <embutler7@yahoo.com>**